## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. STONE BEY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-113** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **U.S DEPARTMENT OF** | : | |
| **JUSTICE,** *et al.*, | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

On January 21, 2021, *pro se* Plaintiff Ronald L. Stone Bey ("Plaintiff"), who is currently incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), initiated the above-captioned action by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants U.S. Department of Justice ("DOJ"), U.S. House of Representatives, Judge Gerald J. Pappert, the Federal Bureau of Prisons ("BOP"), and Warden Scott Finley ("Finley"). (Doc. No. 1.)  Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Doc. No. 7) and a certified copy of his prisoner trust fund account statement (Doc. No. 8).  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## I.   BACKGROUND

In 2017, Judge Gerald J. Pappert of the United States District Court for the Eastern District of Pennsylvania sentenced Plaintiff to a total of 192 months' incarceration after Plaintiff pled guilty to two (2) counts of Hobbs Act robbery, one (1) count of attempted Hobbs Act robbery, and one (1) count of brandishing a firearm during and in relation to an attempted Hobbs Act robbery.  *See United States v. Stone*, 2:14-cr-55-3 (E.D. Pa.) (Doc. No. 143).  Plaintiff did not appeal, and his subsequent motion to vacate pursuant to 28 U.S.C. § 2255, in which Plaintiff challenged the constitutionality of his conviction for brandishing a firearm, was denied. *Id.* (Doc. Nos. 154, 155).  The United States Court of Appeals for the Third Circuit recently granted Plaintiff permission to file a second or successive § 2255 motion based upon *United States v. Davis*, 139 S. Ct. 2319 (2019), and that § 2255 motion remains pending before Judge Pappert. *Id*. (Doc. Nos. 156, 157).

In his complaint, Plaintiff avers that prosecution of his criminal charges should have remained with the Commonwealth of Pennsylvania.  (Doc. No. 1 at 4.) He suggests that the Federal Bureau of Investigation had no jurisdiction over his case because Title 18 of the United States Code, which sets forth federal criminal offenses, is "repugnant to the Constitution."  (*Id.*)  Plaintiff maintains that the House of Representatives did not have a quorum when they passed Title 18 and, therefore, that they could not have legally passed it.  (*Id.*)  He suggests that Judge Pappert

2

should have realized that Title 18 was unconstitutional and should have dismissed his federal charges, and that by not doing so, Judge Pappert violated his oath of office. (*Id.* at 5.)  Plaintiff avers that the BOP and Defendant Finley, acting pursuant to authority provided by the DOJ, are illegally keeping him in custody based upon a fraudulent conviction. (*Id.*)  He suggests that Defendant Finley has retaliated against him for seeking information about the constitutionality of Title 18 and has violated his due process rights by not answering his administrative remedies. (*Id.* at 6-7.)

Based on the foregoing, Plaintiff raises claims of false imprisonment, kidnapping, due process violations, and threat of bodily harm. (*Id.* at 9.)  As relief, he seeks proof that Judge Pappert had jurisdiction to sentence him, proof that Title 18 was enacted lawfully, immediate release, and damages. (*Id* at 9-10.)

## II.     LEGAL STANDARD

### A.     Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28

3

U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).  When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out

"sufficient factual matter" to show that its claims are facially plausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion:  (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint

"plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

**B.    *Bivens* Claims**

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

**III.   DISCUSSION**

**A.    Plaintiff's Complaint**

**1.    Challenges to Plaintiff's Convictions and Incarceration**

Plaintiff's complaint primarily challenges his convictions and sentence, asserting that he is illegally incarcerated because Title 18 is not constitutional. He

seeks immediate release as well as damages.  Such claims, however, are not cognizable under *Bivens*.

When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Conversely, when the challenge is to a condition of confinement such that a finding in [the] plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," although 28 U.S.C. § 2241 may be used when the remedy under § 2255 is "inadequate or ineffective." *Okerere v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  Here, Plaintiff cannot circumvent § 2255 "by bringing an independent civil action." *Beverly v. Reno*, 23 F.3d 158, 159 (7th Cir. 1994); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1863 (2017) ("[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not.").

Moreover, the Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). "Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008). Here, success on Plaintiff's claims concerning the constitutionality of Title 18 would necessarily undermine the validity of his convictions and sentences. Accordingly, his claims for damages are barred by *Heck*. *See Garrett v. United States*, 771 F. App'x 139, 141 (3d Cir. 2019); *Stuler v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008). Accordingly, Plaintiff's claims challenging his convictions and sentence will be dismissed without prejudice.

### B.   Claims Against the DOJ, House of Representatives, and BOP

It is well settled that governmental entities are not "persons" and, therefore, are not proper defendants in a federal civil rights action. *Hindes v. F.D.I.C.*, 137 F.3d 148, 159 (3d Cir. 1998). Thus, plaintiffs may not maintain *Bivens* claims against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994). Accordingly, the DOJ, the House of Representatives, and the BOP are not "persons" and, therefore, are not proper defendants in Plaintiff's *Bivens* action. *See Crawford v. S.C. Dep't of Corr.*, No. 9:18-1408-TLW-BM, 2018 WL 9662788, at *4 (D.S.C.

8

Oct. 16, 2018) (noting that Congress is not an entity that can be sued under *Bivens*);

*Lawson v. Dep't of Justice*, 3:16-cv-1489, 2016 WL 7381694, at *2 (M.D. Pa. Dec.

20, 2016) (concluding same with respect to the DOJ and BOP).

### C.   Claims Against Judge Pappert

"A judicial officer in the performance of his duties has absolute immunity

from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d

302, 303 (3d Cir. 2006).  "[S]o long as (1) the judge's actions are taken in his judicial

capacity (determined by the nature of the acts themselves) and (2) the judge has

some semblance of jurisdiction over the acts, he will have immunity for them."

*Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (citing *Gallas v. Supreme*

*Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000)).  A judge will "be subject to

liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1987) (quotation omitted).

Here, Plaintiff's claims against Judge Pappert exclusively concern Judge

Pappert's action of sentencing Plaintiff in his federal criminal proceedings.

Although Plaintiff asserts that Judge Pappert had no jurisdiction to sentence him

based upon his argument that Title 18 is unconstitutional, the Third Circuit has

repeatedly rejected constitutional attacks on Title 18.  *See, e.g.*, *United States v.*

*Abdullah*, 289 F. App'x 541, 543 n.1 (3d Cir. 2008); *United States v. Coplin*, 284 F.

App'x 988, 990 (3d Cir. 2008); *United States v. Johnson*, 270 F. App'x 191, 191-92

(3d Cir. 2008); *United States v. Potts*, 251 F. App'x 109, 111 (3d Cir. 2007).  Judge Pappert, therefore, acted within his jurisdiction when sentencing Plaintiff.  Plaintiff's claims against him, therefore, are barred by the doctrine of judicial immunity.

### D.    Claims Against Warden Finley

In his complaint, Plaintiff suggests that Defendant Finley has retaliated against him for seeking information about the constitutionality of Title 18 and has violated his due process rights by not answering his administrative remedies.  (*Id.* at 6-7.)  Inmates, however, do not have a constitutional right to prison grievance procedures.  *See Lions v. Wetzel*, No. 1:13-cv-2952, 2015 WL 2131572, at *6 (M.D. Pa. May 6, 2015).  The filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation.  *See Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that a complaint alleging that prison officials failed to respond to the inmate plaintiff's grievance does not state a constitutional claim), *aff'd*, 142 F.3d 430 (3d Cir. 1998).  Consequently, any due process allegations asserted by Plaintiff in an attempt to establish liability against

Defendant Finley based solely upon his lack of responses to Plaintiff's administrative remedies do not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability).

In his complaint, Plaintiff appears to suggest that Defendant Finley placed him the special housing unit in retaliation for Plaintiff's attempts to gather information regarding the constitutionality of Title 18.  (Doc. No. 1 at 6.)  Plaintiff asserts that he was placed in special housing after being found in possession of an affidavit written by Leon Stanton, another inmate challenging the constitutionality of Title 18.  (*Id.*)  Plaintiff notes that this affidavit was deemed "fraudulent" by the Special Investigative Services department at FCI Schuylkill.  (*Id.*)  The Court concludes, however, for the reasons set forth below, that *Bivens* does not extend to First Amendment retaliation claims.

In 1971, the Supreme Court concluded that, even absent statutory authorization, it would enforce a damages remedy allowing individuals to be compensated after experiencing violations of the prohibition against unreasonable searches and seizures contained in the Fourth Amendment.  *Bivens*, 403 U.S. at 397. Subsequently, the Court extended the *Bivens* cause of action in two cases involving constitutional violations.  First, in *Davis v. Passman*, 442 U.S. 228, 249-49 (1979), the Court concluded that the Fifth Amendment's Due Process Clause provided a

damages remedy to an administrative assistant claiming that a Congressman had discriminated against her on the basis of gender.  Next, the Court concluded that the Eighth Amendment's prohibition on cruel and unusual punishment provided a prisoner a cause of action for damages against prison officials who failed to treat his asthma.  *Carlson v. Green*, 446 U.S. 14, 19 (1980).  "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).  Over the years that followed, the Supreme Court "consistently refused to expand *Bivens* actions beyond these three specific contexts." *Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020).

In *Ziglar*, the Supreme Court noted that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857.  As the Court stated in *Ziglar*:

> If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new.  Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive.  A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

12

*Id.* at 1859-60.  If the case presents a new context, a court must then consider whether any alternative remedies exist.  *Id.*  Even absent alternative remedies, a court must also consider whether special factors counsel against extending the *Bivens* remedy. *Id.*

The Supreme Court has "never held that *Bivens* extends to First Amendment claim."  *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012).  Moreover, the Third Circuit has repeatedly held that *Bivens* may not be extended to First Amendment retaliation claims in the prison context.  *See, e.g.*, *Mack*, 968 F.3d at 319 (declining to extend *Bivens* to a First Amendment retaliation claim in the prison workplace assignment context"); *Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized *Bivens* remedy."); *Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139-40 (3d Cir. 2018) (affirming the dismissal of a First Amendment retaliation claim brought by a federal prisoner against correctional staff).  Likewise, this Court has repeatedly ruled that there is no *Bivens* remedy for First Amendment retaliation claims in the prison context.  *See Bush v. Griffin*, No. 1:19-cv-1521, 2020 WL 5801408, at *3 (M.D. Pa. Sept. 29, 2020) (collecting cases).  In light of this precedent, Plaintiff's retaliation claim presents a new *Bivens* context.

Because Plaintiff's claim presents a new context, the Court must determine whether there are any special factors that counsel hesitation in extending *Bivens*.  *See*

*Mack*, 968 F.3d at 317.  There may be many special factors, but two are "'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." *Id.* at 320 (quoting *Bistrian*, 912 F.3d at 90).  The Court agrees with other courts that have concluded that federal inmates have alternative remedies for their retaliation claims in the form of the BOP's administrative remedies program. *See, e.g.*, *Aigbekaen v. Trump*, No. 20-8608 (NLH)(KMW), 2021 WL 147079, at *2 (D.N.J. Jan. 15, 2021); *Landis v. Ebbert*, No. 1:19-cv-470, 2020 WL 5819766, at *5 (M.D. Pa. Sept. 30, 2020); *Bush*, 2020 WL 5801408, at *3.  Here, even if Plaintiff was not successful in seeking an administrative remedy, it does not mean that an alternative remedy was unavailable to him.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.").  Moreover, in declining to extend *Bivens* to First Amendment retaliation claims, the Third Circuit has noted courts have "afforded a level of deference to the decision making of prison officials," recognizing "day-to-day administrative decisions have been committed solely to the province of the BOP." *Mack*, 968 F.3d at 323; *see also Railey v. Ebbert*, 407 F. Supp. 3d 510, 523 (M.D. Pa. 2019) (noting that "the judicial restraint exercised in cases implicating the administrative of prisons is another factor weighing against extension of the *Bivens* remedy").  In this matter, placement of prisoners in special housing and decisions

14

regarding the types of property and documents inmates can have possession of are administrative decisions that have delegated to the BOP.

In sum, the Court finds that Plaintiff's First Amendment retaliation claim presents a new context to which *Bivens* has not previously been extended. Moreover, special factors counsel against extending *Bivens* to that new context. The Court, therefore, declines to extend *Bivens* to Plaintiff's retaliation claim, and his claim will be dismissed.

### E.   Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*,

306 F.3d 1314, 1332 (3d Cir. 2002).  Based on the discussion above, it would be futile to grant Plaintiff leave to file an amended complaint in this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 7) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   Plaintiff will not be permitted leave to file an amended complaint.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: February 18, 2021

16